PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

AS DIRECT DIAL: (212) 373-3163
EMAIL: JAYCOHEN@PAULWEISS.COM

July 22, 2024

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., New York, NY 10007

    Re:    *Mechanical Licensing Collective* v. *Spotify USA Inc.*, No. 1:24-cv-03809

Dear Judge Torres:

    Pursuant to Your Honor's Initial Pretrial Scheduling Order and Individual Rules of Practice in Civil Cases, the parties in the above-referenced matter submit this joint letter to provide the Court with a brief description of the case, to identify any contemplated motions, and to address the prospect for settlement. We also submit a jointly proposed Case Management Plan and Scheduling Order.

    We also write, pursuant to this Court's Order dated May 22, 2024 (ECF 9), to jointly advise the Court that the parties do not consent to conducting all further proceedings before the assigned Magistrate Judge.

**I.**    **Brief Description of the Case**

**MLC's Position**

    The plaintiff in this matter is the Mechanical Licensing Collective (the "MLC"), a non-profit organization designated by the U.S. Copyright Office to ensure that music streaming services accurately pay the mechanical royalties they owe to songwriters and music publishers. The MLC is the sole entity authorized to offer and administer compulsory blanket licenses under Section 115 of the Copyright Act, and to collect the ensuing royalties due from blanket licensees. The MLC is explicitly authorized by statute to engage in legal action to enforce the royalty obligations of licensees. On May 16, 2024, the MLC commenced this action against defendant Spotify USA Inc. ("Spotify"), seeking recovery of unpaid statutory license royalties and late fees as a result of Spotify's decision in March 2024 to recharacterize its Premium subscription music service as a purported "Bundle" under Section 115 and its implementing regulations based on the addition of audiobook listening to the service. The MLC alleges that Spotify's Premium subscription offering is not a "Bundle" within the meaning of the Section 115 regulations because (1) the Premium service offered to subscribers since March 1, 2024 has precisely the same music and non-music content (including audiobooks) that it offered to subscribers before that date, when Spotify made no claim that Premium (including audiobooks) qualified as a Bundle for purposes of Section 115;

and (2) the audiobook content has no "more than token value" to Premium subscribers, who purchase the service to get access to tens of millions of musical works on an on-demand, ad-free basis, which is evidenced by the fact that Spotify did not increase the price of Premium when it added audiobook listening in November 2023.

**Spotify's Position**

Spotify Premium is a "Bundle" as a matter of law, and as such, has been properly reported to the MLC, along with the correct payment of royalties. The relevant regulations define "Bundle" as "a combination of a Subscription Offering providing Eligible Interactive Streams and/or Eligible Limited Downloads and one or more other products or services having more than token value, purchased by End Users in a single transaction." 37 C.F.R. § 385.2. Spotify Premium easily satisfies these criteria, as the MLC's allegations confirm. Fifteen hours of audiobook streaming undoubtedly has "more than token value," and it is implausible to suggest otherwise. That Spotify did not immediately classify Premium as a Bundle in November 2023 is utterly irrelevant to the legal question, as there is no requirement (and the MLC does not cite one) that Spotify reclassify the product as a Bundle at the earliest opportunity. Likewise, that Spotify did not immediately raise the consumer price of the Premium product is of no moment: the regulations do not require Spotify to have increased the price at that time—or at any time—and, again, MLC offers no legal authority to the contrary (as none exists). The MLC has failed to state a claim, and cannot state a claim, and it would be a substantial waste of time and resources to litigate through discovery what is abundantly clear—and widely recognized—from the face of the Complaint and publicly noticeable sources: that 15 hours of audiobook streaming offers more than token value. The Complaint should be dismissed with prejudice.

## II. Contemplated Motions

On July 19, 2024, Spotify submitted a pre-motion letter to the Court requesting permission to file a motion to dismiss the MLC's complaint with prejudice. The MLC anticipates filing its letter in opposition on July 26, 2024.

## III. Prospect for Settlement

Both parties are open to good faith discussions to try to resolve the matter.

Respectfully submitted,

| | |
|---|---|
| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **LATHAM & WATKINS LLP** |
| | /s/ Allison Levine Stillman |
| /s/ Jay Cohen | Allison Levine Stillman |
| Jay Cohen | 1271 Avenue of the Americas |
| Darren W. Johnson | New York, NY 10020 |
| 1285 Avenue of the Americas | Telephone: 212-906-1200 |
| New York, NY 10019-6064 | alli.stillman@lw.com |
| Telephone: (212) 373-3000 | |
| jaycohen@paulweiss.com | Sarang Damle |
| djohnson@paulweiss.com | 555 Eleventh Street NW |
| | Suite 1000 |
| *Attorneys for Plaintiff Mechanical Licensing Collective* | Washington, DC 20004 |
| | Telephone: 202-637 2200 |
| | sy.damle@lw.com |
| | *Attorneys for Defendant Spotify USA, Inc.* |