Alli Stillman  
Direct Dial: 212.906.1747  
alli.stillman@lw.com

1271 Avenue of the Americas  
New York, New York 10020-1401  
Tel: +1.212.906.1200  Fax: +1.212.751.4864  
www.lw.com

**LATHAM&WATKINS**LLP



**USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #:_____  
DATE FILED:  12/20/2024**

December 19, 2024

**APPLICATION GRANTED**

*[signature]* 12/20/2024

Hon. Katharine H. Parker, U.S.M.J.

**VIA ECF**

Hon. Katharine H. Parker  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re:   Mechanical Licensing Collective v. Spotify USA Inc., No. 1:24-cv-03809-AT-KHP

Dear Judge Parker:

In accordance with Your Honor's instructions at the November 20, 2024 case management conference ("Conference"), Defendant Spotify USA Inc. ("Spotify") writes to provide an update on the status of third-party discovery in the above-referenced action.

Spotify served third-party documents and deposition subpoenas on the National Music Publishers' Association ("NMPA") and the ten music publishers whose designees sit on the Board of the Plaintiff Mechanical Licensing Collective (the "Publishers").[1] Given the centrality of both NMPA and the Publishers, Spotify served on them a limited number of document requests narrowly tailored to the legal questions at the center of this lawsuit: (1) the meaning of "Bundle" and "Bundled Subscription Offering" as those terms are used in the *Phonorecords IV* regulations, *see* 37 C.F.R. § 385 *et seq.*; and (2) whether Spotify Premium is a Bundle within the meaning of those regulations.

Spotify subpoenaed NMPA because it is "the trade association representing all American music publishers." *Our Mission*, NMPA, https://www.nmpa.org/mission/. In particular, NMPA represented the interests of the Publishers during the *Phonorecords IV* litigation, the settlement of which was codified as the regulations at issue in this case. 87 Fed. Reg. 80448, 80448, 80453 (Dec. 26, 2022). Each of the Publishers (save one) also sits on the board of NMPA. *See Board Members*, NMPA, https://www.nmpa.org/boardmembers/. Representatives from numerous Publishers also provided written testimony in the *Phonorecords IV* proceeding, including testimony regarding Bundles and Bundled Subscription Offerings—the at-issue regulatory terms. *See, e.g.*, Dkt. No. 25 at 6 (quoting testimony from David Kokakis, a Publisher representative).

Further, by statute, MLC is governed by the Publishers, whose designees sit on its Board and make up the majority of the Board. 17 U.S.C. § 115(d)(3)(A)(iii) (providing that MLC is

---

[1] *See Board of Directors*, MLC, https://www.themlc.com/board-governance.

"governed" by its "board of directors"); *id.* § 115(d)(3)(D)(i)(I) (providing that ten of fourteen members of MLC's board must "be representatives of music publishers"). And MLC expressly invoked the interests of music publishers throughout the complaint. *See* Compl. ¶¶ 1, 3, 42, ECF No. 1.

At the Conference, Your Honor indicated that motions to compel compliance with the third-party subpoenas should be filed by December 20, 2024. Case Management Conference Tr. 41:6–11, 43:3–6, Nov. 20, 2024. But, in the alternative, Your Honor stated that "if you think that you can work it out with [a] third party, you can send me a letter saying we're working it out and we propose this . . . alternative schedule if we can't work it out." *Id.* at 43:7–10. Following the Conference, Spotify has met and conferred (by teleconference and in written exchange) with counsel for both NMPA and the Publishers. Spotify and the subpoenaed parties are continuing to work to resolve remaining disputes. Spotify is hopeful that it will be able to resolve any remaining disputes without the Court's intervention, but respectfully requests that Your Honor extend the deadline to at least January 28, 2025 for the filing of any motions to compel compliance with third-party subpoenas in the event that any disputes remain unresolved at that time. This is the first request for an extension of this deadline, and none of the subpoenaed parties object to the extension.[2] Spotify and the subpoenaed parties reserve all rights with respect to any motions to compel or quash the subpoenas.[3]

Spotify would be happy to answer any additional questions about these third-party subpoenas, should Your Honor have any, at the January 21, 2025 case management conference.

Respectfully submitted,

/s/ *Allison L. Stillman*
Allison L. Stillman
of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF)

---

[2] Spotify understood Your Honor's invitation at the November 20 case management conference to "send me a letter saying we're working it out" and proposing an "alternative schedule if we can't work it out" with respect to third-party discovery to mean that Spotify could submit such letter at any point prior to the December 20 deadline. To the extent Spotify misunderstood Your Honor's invitation, good cause exists to request an extension less than two business days in advance given the large number of subpoenaed entities with whom Spotify had to confirm positions.

[3] Spotify and the subpoenaed third-parties agreed to table conversations regarding the deposition subpoenas until issues pertaining to the document subpoenas have been resolved. Spotify expressly reserves the right to seek enforcement of the deposition subpoenas as necessary.