PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES

SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

DIRECT DIAL: (212) 373-3163
EMAIL: JAYCOHEN@PAULWEISS.COM

January 14, 2025

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, New York, NY 10007

*Mechanical Licensing Collective* v. *Spotify USA Inc.*, No. 1:24-cv-03809

In accordance with Your Honor's Order dated November 20, 2024 (Dkt. 48), the parties in the above-captioned action write jointly to identify the following discovery disputes the parties intend to raise with Your Honor at the January 21, 2025 Case Management Conference.

**The MLC's Statement**

*Spotify's Document Production*

Pursuant to Your Honor's Order dated November 20, 2024 (Dkt. 49), the parties agreed to review and produce documents, using a set of mutually agreed upon search terms and custodians, in response to the document requests that were not in dispute. But so far Spotify has produced only 115 documents, 62 of which were produced on November 22, 2024 and 53 of which were produced on January 13, 2025. Those 115 documents—consisting of some (but not all) of the subscribership and usage data sought by the MLC, as well as numerous public documents—appear to be a curated set of documents designed to support Spotify's defenses, rather than a complete production of the relevant discovery materials to which the MLC is entitled. Notably, Spotify's production to date includes only four custodial emails, which cannot possibly comprise a meaningful production of emails from the agreed-upon search custodians. Indeed, all four of those emails were from a single custodian, and with respect to the five other agreed-upon custodians, Spotify has yet to produce a single email. Spotify's failure to proceed with timely document discovery is impeding the MLC's ability to proceed to depositions, some of which have been noticed, but cannot take place without substantial production of the relevant documents.

*Spotify's Responses and Objections to the MLC's Document Requests*

Spotify has refused to produce any documents in response to 23 of the MLC's document requests, and has improperly narrowed the scope of 12 of the MLC's requests. The details of these requests, as well as Spotify's responses and objections thereto, and why the MLC believes each of these requests is relevant and appropriately tailored, are set forth in the joint letter filed with the Court on October 16, 2024 (Dkt. 30), a copy of which is attached hereto as Exhibit A.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

### *Spotify's Objections to Certain Proposed Custodians*

In responding to the MLC's document requests, Spotify also has refused to collect and produce documents from three critically important custodians: Daniel Ek (Spotify's CEO), Alex Norström (Spotify's Co-President and Chief Business Officer) and Ben Kung (Spotify's interim CFO at the time of the events in question). Spotify concedes that Kung and Norström were involved in the company's discussions regarding "whether, and if so when, Premium would be reported to the MLC as a Bundled Subscription Offering," and "whether, and if so when, to integrate and launch audiobook content as part of Premium." (Spotify Responses to MLC Interrogatory Nos. 1 and 3.) Moreover, Spotify admits that Mr. Norström not only was involved in those critically important discussions, but that he also was one of only two decision-makers at the company with respect to those issues. (*Id.*) If Spotify is confident that the emails and other electronic documents of these three custodians are entirely duplicative, it can easily confirm that fact by simply collecting them, running them through the agreed search terms and dates, and deduping them against the emails and electronic documents collected from the other custodians to which the parties already have agreed. Given that such collection and processing takes place entirely behind the scenes, there is no burden or inconvenience to any of the custodians, and minimal if any burden to Spotify's counsel.

### *Spotify's Responses and Objections to the MLC's Interrogatories*

Spotify also has failed to provide meaningful responses to 13 of the MLC's interrogatories. The parties' respective positions with respect to this dispute are set forth in letters dated December 31, 2024, January 6, 2025 and January 13, 2025, copies of which are attached hereto as Exhibit B.

**Spotify's Statement**

### *Spotify's Production to Date*

MLC—a government royalty collector[1]—initiated this action by alleging that Spotify's Premium product, which provides music streaming and audiobook streaming, does not constitute a Bundle as defined in 37 C.F.R. § 385.2, because the audiobook streaming component of Premium is not an "other product or service" distinct from music streaming, and it does not have "more than token value." *See* Compl. ¶¶ 49-52. Spotify has prioritized producing the information MLC claimed it needed at the previous case management conference, including documents evidencing (1) Spotify's investment of €117 million in order to acquire an audiobook distributor and enter the growing audiobooks market (SPOTIFY_00000523; Spotify Technology S.A.'s publicly filed Form 20-F); (2) the significant volume of audiobook listening by Premium listeners (SPOTIFY_00000723); and (3) that royalty payments to audiobook publishers from Premium listening have largely offset the change in royalty payments to music publishers (SPOTIFY_00000724). In addition, by the end of this week, Spotify will have made a production of nonprivileged emails and other custodial documents from four of the six agreed upon custodians. Spotify is continuing to review and will produce additional documents. But, Spotify has already produced more information than MLC has ever requested from any other digital music

---

[1] The "directors of the designated mechanical licensing collective" are "inferior officers [of the United States] under the Appointments Clause of the Constitution." Presidential Statement on Signing the Orrin G. Hatch-Bob Goodlatte Music Modernization Act, Oct. 11, 2018.

service reporting a Bundle.[2]

### *MLC Should Be Compelled to Provide Information on the Requirements for a Bundle*

While Spotify produced information confirming that Spotify Premium is a Bundle under 37 C.F.R. § 385.2, MLC refuses to respond to requests seeking MLC's position on the legal requirements for Bundles. MLC has produced evidence showing that it accepts Bundles from Spotify's competitors for products that are materially equivalent to Premium, without objection, but will not identify the standard MLC applies when doing so, and what makes Spotify Premium different. At the same time, MLC seeks even more invasive discovery into such things as user interface design, user credential management, marketing, and others. A clear understanding of MLC's position on what the law requires, and why in its view Premium does not satisfy those requirements while other services' Bundles do, would help the parties crystallize their dispute and identify the need for and scope of further discovery—and clear a potential path to settlement.

*Interrogatories*. In an effort to understand MLC's legal position, Spotify issued Interrogatories No. 2, 10, and 11 which asked MLC to describe "[its] interpretation of the terms 'other products or services' and 'more than token value' under 37 C.F.R. 385.2," and the circumstances in which one could report a combination of audiobooks and music as a Bundle. MLC declined to answer any of these on the ground that they seek contentions. But MLC requires no information from Spotify to explain *its own position*; and as a government royalty collector applying federal law to an entire industry, it is obligated to have a position on what the law requires. The parties' respective positions with respect to this dispute are set forth in Exhibit B.

*Requests for Production.* Spotify has also sought documents and communications related to MLC's treatment of Bundles from all services. MLC limited its responses to documents concerning only Spotify Premium. The parties' positions on this topic are reflected in Dkt. 31, which we attach here as Exhibit C for the Court's convenience.

### *Spotify Has Agreed to the Proper Custodians.*

The issue of custodians was one that Spotify and MLC addressed in correspondence prior to the first CMC. As was discussed at that CMC, Spotify *and* MLC agreed to six Spotify custodians, which include senior executives involved in all aspects of the decision making around the reporting of Premium as a Bundle. *See* 11.20.2024 Tr. at 38:18-39:21. They include David Kaefer, VP, Global Leader, Music and Audiobook Business; Winston Wu, Director of Financial Planning & Analysis and the Head of Strategic Planning & Licensing Finance; and Sallie Deysel, Senior Director of Technical Accounting. Spotify does not understand Daniel Ek, Alex Norström, or Ben Kung to have unique information that would not be obtained from the agreed-upon custodians.

---

[2] Indeed, while MLC continues to malign Spotify's production, 393 of the 569 documents MLC has produced are documents that are public or that involve Spotify and MLC discussing Spotify's own reporting.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Respectfully submitted,

| | |
|---|---|
| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **LATHAM & WATKINS LLP** |
| */s/ Jay Cohen* | */s/ Allison Levine Stillman* |
| Jay Cohen | Allison Levine Stillman |
| Darren W. Johnson | 1271 Avenue of the Americas |
| 1285 Avenue of the Americas | New York, NY 10020 |
| New York, NY 10019-6064 | Telephone: 212-906-1200 |
| Telephone: (212) 373-3000 | alli.stillman@lw.com |
| jaycohen@paulweiss.com | |
| djohnson@paulweiss.com | Sy Damle |
| | 555 Eleventh Street NW |
| *Attorneys for Plaintiff Mechanical Licensing Collective* | Suite 1000 |
| | Washington, DC 20004 |
| | Telephone: 202-637 2200 |
| | sy.damle@lw.com |
| | *Attorneys for Defendant Spotify USA, Inc.* |