USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/11/2025__

# LATHAM&WATKINS LLP

February 10, 2025

1271 [Avenue of the Americas]
New Y[ork]
Tel: +
www.l[w.com]

FIRM
Austin
Beijing
Boston
Brussels
Century City
Chicago
Dubai
Düsseldorf
Frankfurt
Hamburg
Hong Kong
Houston
London
Los Angeles
Madrid
Munich
New York
Orange County
Paris
Riyadh
San Diego
San Francisco
Seoul
Silicon Valley
Singapore
Tel Aviv
Tokyo
Washington, D.C.

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Mechanical Licensing Collective v. Spotify USA Inc.*, No. 1:24-cv-3809-AT - Joint Extension Request

Dear Judge Torres,

    Pursuant to Rules I.B and I.C of Your Honor's Individual Practices in Civil Cases, Plaintiff Mechanical Licensing Collective ("MLC") and Defendant Spotify USA Inc. ("Spotify") (collectively the "Parties") jointly request an extension of time to move for attorney's fees and costs pursuant to 17 U.S.C. § 505. The current deadline to move for fees and costs is February 12, 2025, *see* Fed. R. Civ. P. 54(d)(1), (2)(B)(i), over two weeks before MLC's deadline to file a notice of appeal on February 28, 2025, *see* Fed. R. App. P. 4(a)(1)(A); ECF Nos. 62, 62-1 at 1.

    In the interest of judicial economy, the Parties request that the Court extend the deadline for the fees-and-costs motion to sixty days after MLC's deadline to file a notice of appeal or, in the event that MLC files an appeal, sixty days after the Court of Appeals issues its mandate, whichever is later.

    While Federal Rule of Civil Procedure 54(d)(2)(B) allots a prevailing party fourteen days to file a motion seeking attorney's fees, this Court has the discretion to extend this deadline for good cause. *See* Fed. R. Civ. P. 6(b)(1)(A) (noting that a court may, for good cause, extend deadlines where a motion is made before the original time expires); *Wood v. Mut. Redevelopment Houses, Inc.*, No. 22-cv-09493-AT, 2024 WL 4451414, at *8 (S.D.N.Y. Aug. 1, 2024) (noting that district courts "have the inherent authority to manage their dockets to promote the efficient and expedient resolution of cases") (citation and quotations omitted).

    Good cause exists here given the disharmony between MLC's deadline for filing a notice of appeal and Spotify's deadline to move for attorney's fees. Requiring Spotify to prepare a motion for fees while a potential appeal—which could alter the scope of Spotify's fees motion or even

LATHAM&WATKINS LLP

eliminate Spotify's entitlement to fees—remains pending would create a number of inefficiencies. Accordingly, extending the time to file a fees motion would promote judicial efficiency by suspending the need for briefing and a decision until (if an appeal is filed) Spotify's "status as a prevailing party is confirmed by the Court of Appeals." *Leibovitz v. Paramount Pictures Corp.*, 1997 WL 542560, at *1 (S.D.N.Y. Sept. 3, 1997); *see Grubhub Inc. v. City of New York*, No. 21-cv-10602-AT, ECF No. 241 (S.D.N.Y. Dec. 13, 2024) (extending plaintiffs' deadline to move for fees-and-costs to sixty days after the defendant's deadline to file a notice of appeal, or sixty days after an appellate mandate, in the interest of judicial economy). Further, extending Spotify's deadline to move for attorney's fees will in no way prejudice MLC, which has joined this request.

This is the first request for an extension of time to move for attorney's fees. Thank you for your time and consideration of this request.

Respectfully submitted,

| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | LATHAM & WATKINS LLP |
|---|---|
| */s/ Jay Cohen*[1] | */s/ Allison L. Stillman* |

GRANTED.

SO ORDERED.

Dated: February 11, 2025
  New York, New York

_____
ANALISA TORRES
United States District Judge