UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MECHANICAL LICENSING COLLECTIVE,

                    Plaintiff,

        v.                                          No. 1:24-cv-03809 (AT)

SPOTIFY USA INC.,

                    Defendant.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION AND VACATUR OF THE JUDGMENT**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. The Complaint Includes A Claim That Was Not Addressed In The Court's Decision ............................................................................................................................ 2

II. Spotify Does Not Dispute That The Court Did Not Consider Controlling Law And Misapplied The Motion To Dismiss Standard ................................................................... 3

III. Spotify Ignores Binding Precedent Requiring Leave To Amend ...................................... 4

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                      **Page(s)**

*Coach IP Holdings, LLC* v. *ACS Grp. Acquisition LLC*,
  No. 23-cv-10612 (LGS) (VF), 2024 WL 4553923 (S.D.N.Y. Oct. 22, 2024)..........................5

*Farsura* v. *QC Terme US Corp.*,
  No. 21 CIV. 9030 (AT), 2022 WL 16838212 (S.D.N.Y. Nov. 8, 2022) ..................................2

*J. Pub. Co.* v. *Am. Home Assur. Co.*,
  771 F. Supp. 632 (S.D.N.Y. 1991)..................................................................................1, 5

*Lipton* v. *Cnty. of Orange, NY*,
  315 F. Supp. 2d 434 (S.D.N.Y. 2004)...................................................................................2

*Mandala* v. *NTT Data, Inc.*,
  88 F.4th 353 (2d Cir. 2023) ..................................................................................1, 4, 5

*Metzler Inv. Gmbh* v. *Chipotle Mexican Grill, Inc.*,
  970 F.3d 133 (2d Cir. 2020).............................................................................................4, 6

*Shrader* v. *CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995)...................................................................................................3

*Williams* v. *Citigroup Inc.*,
  659 F.3d 208 (2d Cir. 2011).................................................................................................1

**Statutes**

17 U.S.C. § 115.............................................................................................................................3

**Other Authorities**

37 C.F.R. § 210.27 ........................................................................................................................3

37 C.F.R. § 210.27(i) .................................................................................................................1, 3

37 C.F.R. § 385.2 .......................................................................................................................4, 5

Fed. R. Civ. P. 12(b)(6)..........................................................................................................2, 4, 5

Fed. R. Civ. P. 15 ......................................................................................................................5, 6

**PRELIMINARY STATEMENT**

In its opposition, Spotify cynically accuses the MLC of "gamesmanship." Dkt. 72, at 9. But this case is not a game for the songwriters and music publishers who stand to lose hundreds of millions of dollars because of Spotify's failure to accurately report and pay royalties to the MLC.

Spotify's opposition demonstrates why reconsideration and vacatur of the judgment are warranted. Spotify does not contest that the Complaint includes a separate claim relating to Spotify's failure to properly pay royalties for its Audiobooks Access offering, which the Court did not address in its decision. That alone warrants reconsideration and vacatur.

Nor does the opposition contest: (1) that the Court did not consider controlling law requiring Spotify to certify that its reporting of royalties is "true, complete, and correct," *see* 37 C.F.R. § 210.27(i); and (2) that Spotify repeatedly certified that Premium is *not* a Bundle but instead a standalone Subscription Offering, as the MLC alleged. Spotify's certifications, made pursuant to controlling law, are more than sufficient at the pleading stage to support the MLC's Premium claim.

Finally, the opposition provides no reason why the Court should disregard controlling Second Circuit caselaw holding that the judgment should be vacated to permit the MLC "at least one opportunity to replead" with the benefit of the Court's ruling. *See Mandala* v. *NTT Data, Inc.*, 88 F.4th 353, 362 (2d Cir. 2023). Spotify claims that the MLC forfeited its opportunity to amend, but the law is directly to the contrary. *See Williams* v. *Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (applying *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)). Spotify similarly disregards controlling precedent by raising new facts to argue that amendment would be futile; but now is not the time for Spotify to raise factual disputes with the MLC's proposed amendments. *See J. Pub. Co.* v. *Am. Home Assur. Co.*, 771 F. Supp. 632, 635 (S.D.N.Y. 1991).

**ARGUMENT**

**I.      The Complaint Includes A Claim That Was Not Addressed In The Court's Decision**

Spotify's opposition does not rebut critical points underlying the motion for reconsideration, including: (1) that the Complaint includes a specific claim for relief that Spotify underpaid royalties on Audiobooks Access, Dkt. 1, ¶ 58; and (2) that the Court did not address that claim. *See* Dkt. 72, at 6–8. Consequently, the Court should reconsider its decision and vacate the judgment.

Spotify argues that the MLC "abandoned" its Audiobooks Access claim. But a claim is only abandoned when a plaintiff "fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton* v. *Cnty. of Orange, NY*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004). That is not the case here. The Complaint pled that Spotify failed to accurately pay royalties for Audiobooks Access. Dkt. 1, ¶ 58. Spotify offered no substantive reason why that claim should be dismissed. Instead, Spotify argued that the factual allegations in paragraph 48—that Premium and Audiobooks Access are essentially the same—should be "ignored." Dkt. 25, at 17 n.16. The MLC responded directly, arguing that "the mere fact that Spotify disagrees with those allegations" provides no basis for dismissal. Dkt. 28, at 17–18. The Court accepted as true the allegations in paragraph 48, as it was required to do for the purposes of a Rule 12(b)(6) motion. Dkt. 61, at 5–6. As a result, there was no basis for dismissing the Audiobooks Access claim for relief pled in paragraph 58.[1]

---

[1]  Despite Spotify's argument to contrary, Dkt. 72, at 5–6, even if Premium is a Bundle, the Complaint supports an alternative claim that Spotify underpaid royalties by misapplying the Bundle rate formula. Dkt 71, at 3–4; *see also Farsura* v. *QC Terme US Corp.*, No. 21 CIV. 9030 (AT), 2022 WL 16838212, at *3 (S.D.N.Y. Nov. 8, 2022) (Torres, J.).

II. **Spotify Does Not Dispute That The Court Did Not Consider Controlling Law And Misapplied The Motion To Dismiss Standard**

Spotify does not dispute that: (1) 37 C.F.R. § 210.27(i) required certification that its reporting is "true, complete, and correct"; (2) Spotify certified that Premium is *not* a Bundle *after* it added 15 monthly hours of audiobook listening; and (3) the Court failed to consider that controlling law in its decision. Dkt. 72, at 4–5, 9–10. Reconsideration is therefore proper because Spotify's repeated certifications—against its financial interest—that Premium *is* a standalone Subscription Offering and *not* a Bundle create a factual dispute as to whether Premium is properly reported as a Bundle under Section 115.[2]

Spotify makes two arguments in opposition. First, it chides the MLC for not having previously cited the controlling regulations. But the Complaint *does* cite 37 C.F.R. § 210.27 as one of the bases for its claims for relief. *See* Dkt. 1, ¶ 56. And the Second Circuit has held that reconsideration may be granted even when a party cites controlling caselaw that it did not previously put before the Court. *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (affirming reconsideration based on newly raised authority).

Second, Spotify seeks to evade the significance of its repeated certified reporting by mischaracterizing the MLC's argument. *See* Dkt. 72, at 4; Dkt. 1, ¶¶ 40, 50–51. The MLC's argument is *not* that Spotify's initial reporting renders Premium ineligible to be a Bundle "forevermore." Dkt. 72, at 4. Rather, the argument is that Spotify's repeated certifications of Premium as a standalone Subscription Offering are allegations of fact that plausibly support the

---

[2] The controlling regulatory definitions of standalone Subscription Offerings and Bundled Subscription Offerings are mutually exclusive. Therefore, the certification as one, was also a certification as not the other.

3

MLC's Premium claim and preclude dismissal at this stage as a matter of law.[3] *See* Dkt. 71, at 4–6.

This is not the only instance in which the Court resolved factual issues against the MLC that were not appropriate for resolution on a Rule 12(b)(6) motion. As asserted in the initial brief, Dkt. 71, at 6–7, reconsideration is also appropriate because the Court credited Spotify's factual contentions (and not the allegations in the Complaint to the contrary) that access to 15 monthly hours of audiobook listening constitutes an "other product[] or service[]" that has "more than token value." *See* 37 C.F.R. § 385.2. The novel question of whether Premium's audiobook component satisfies that definition is fact- and context-specific and thus not amenable to decision as a matter of law on a motion to dismiss.

### III.   Spotify Ignores Binding Precedent Requiring Leave To Amend

Finally, Spotify wrongly argues that the judgment should not be vacated to enable the MLC to seek leave to amend.

Spotify argues that the MLC "misleadingly omitt[ed] crucial parts of the authority on which it purports to rely." Dkt. 72, at 2. In fact, it is *Spotify* that ignores binding Second Circuit caselaw holding that "it is an abuse of discretion to deny a motion under Rule 59(e)" to vacate the judgment so that leave to amend may be sought where "the plaintiff was never given an opportunity to replead in the first place." *Metzler Inv. Gmbh* v. *Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 144 (2d Cir. 2020); *Mandala*, 88 F.4th at 362.

The opposition also argues that the motion should be denied because the MLC failed to seek leave to amend earlier. Dkt. 72, at 8–9. But the very premise of controlling Second

---

[3]  Under the controlling pleading standards, these alleged facts must be taken as true on a Rule 12(b)(6) motion, and cannot be disregarded based on Spotify's purported explanation as to why it made the certifications. *See* Dkt. 71, at 6; Dkt. 61, at 11 n.5.

4

Circuit law is that vacatur is proper where a plaintiff *first* seeks leave to amend *after* a Rule 12(b)(6) motion is decided, because "[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Mandala*, 88 F.4th at 363.

Spotify also claims that amendment would be futile. Dkt. 72, at 9–11. But Spotify makes no showing that the MLC could not propose amendments that meet the low bar of the plausibility standard. *See*, *e.g.*, *J. Pub.*, 771 F. Supp. at 635. The MLC detailed in its initial brief many additional facts that would provide plausible support for its proposed amended claims. Dkt. 71, at 7–11.[4]

Instead, Spotify improperly attempts to dispute facts that would be pled by the MLC in an amended pleading. But now is not the time to resolve such disputes. *See Coach IP Holdings, LLC* v. *ACS Grp. Acquisition LLC*, No. 23-cv-10612 (LGS) (VF), 2024 WL 4553923, at *5 (S.D.N.Y. Oct. 22, 2024) ("[F]actual disputes do not render" a proposed amendment "futile."). "[I]t is axiomatic that a court may not look beyond the face" of the proposed amendments to determine whether "the proposed amendments are futile." *J. Pub.*, 771 F. Supp. at 635.

Finally, Spotify suggests that the motion should be denied because the MLC failed to attach a proposed amended complaint. Dkt. 72, at 9. Again, Spotify ignores settled law. A party seeking leave to file an amended complaint post-judgment must first have the judgment

---

[4] For example, the MLC intends to plead that Spotify improperly used the $9.99 price of Audiobooks Access as the "standalone subscription price" of Premium's audiobook component in the Bundle rate formula. *See* 37 C.F.R. § 385.2. As the Court recognized, Audiobooks Access provides users with audiobook listening *and* access to music. Dkt. 61, at 5. As a result, Audiobooks Access cannot provide the "standalone subscription price" for Premium's audiobook component. *See* 37 C.F.R. § 385.2. Taken together, these allegations (along with those detailed in the MLC's initial brief) are more than sufficient to support vacatur to permit the MLC to file a Rule 15 motion.

5

vacated.  *See Metzler*, 970 F.3d at 142.  The MLC is prepared to file a Rule 15 motion for leave to amend the Complaint, but submitting one before vacatur is not permitted.

## CONCLUSION

The Court should reconsider its decision, vacate the judgment, and reinstate the MLC's claims.  In the alternative, the judgment should be vacated to permit the MLC to seek leave to amend.

Dated: March 5, 2025
      New York, New York

      PAUL, WEISS, RIFKIND,
      WHARTON & GARRISON LLP

      */s/ Jay Cohen*
      Jay Cohen
      Darren W. Johnson
      Dylan O. Smith
      1285 Avenue of the Americas
      New York, NY 10019-6064
      Telephone: (212) 373-3000
      jaycohen@paulweiss.com
      djohnson@paulweiss.com
      dosmith@paulweiss.com

      *Attorneys for Plaintiff*
      *Mechanical Licensing Collective*

## **CERTIFICATION OF COMPLIANCE**

I hereby state that the foregoing Reply Memorandum of Law was prepared on a computer using Microsoft Word. The total number of words in this brief, excluding the caption, table of contents, table of authorities, signature block, and this certification is 1707. In preparing this certificate, I relied on the word count program in Microsoft Word.

Dated: March 5, 2025
      New York, New York

                                        */s/ Jay Cohen*
                                        Jay Cohen
                                        Darren W. Johnson
                                        Dylan O. Smith
                                        1285 Avenue of the Americas
                                        New York, NY 10019-6064
                                        Telephone: (212) 373-3000
                                        jaycohen@paulweiss.com
                                        djohnson@paulweiss.com
                                        dosmith@paulweiss.com

                                        *Attorneys for Plaintiff*
                                        *Mechanical Licensing Collective*