IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MECHANICAL LICENSING COLLECTIVE,<br><br>   *Plaintiff*,<br><br> v.<br><br>SPOTIFY USA INC.,<br><br>   *Defendant*. | Case No. 1:24-cv-03809-AT-KHP |

**MEMORANDUM IN SUPPORT OF DEFENDANT SPOTIFY USA INC.'S
<u>MOTION FOR RECONSIDERATION</u>**

I.     INTRODUCTION

Last week, the United States Supreme Court overturned Second Circuit case law that formed the foundation of one of this Court's orders in this case. In particular, the Supreme Court held that Federal Rule of Civil Procedure 60(b)(6)'s "extraordinary circumstances" standard "does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint. Rather, a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank SAL v. Honickman*, No. 23-1259, 605 U.S. __, 2025 WL 1583305, at *4 (U.S. June 5, 2025). In so holding, the Supreme Court expressly rejected "the Second Circuit's balancing approach," explaining that "a district court may not do . . . what the Second Circuit demanded [there]: dilute Rule 60(b)'s stringent standard by 'balancing' it with 'Rule 15(a)'s liberal pleading principles." *Id.* at *6 (cleaned up). But, bound by the Second Circuit's then-governing law, that is what the Court did here in vacating its prior judgment and allowing Plaintiff Mechanical Licensing Collective ("MLC") to seek leave to amend. This Court correctly understood under the prior standard that it was required to "balance the 'liberal spirit' of Federal Rule of Civil Procedure 15 . . . with the strict finality of Rule 60, which provides narrow avenues for relief from a final judgment." Dkt. No. 74 at 2 (quoting *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023)). Because the Supreme Court's intervening precedent is directly at odds with the Second Circuit law undergirding this Court's vacatur order, this Court should set aside the portion of that order vacating judgment and reinstate judgment in favor of Defendant Spotify USA Inc. ("Spotify").

To be clear, as Spotify explained in its opposition to MLC's pending motion for leave to amend, MLC's proposed amended complaint is futile because it does not plausibly state a claim for relief as a matter of law, and therefore should be denied on that basis, which would

1

independently resolve this case in full. But the Supreme Court has now made clear that this Court need not have allowed MLC to drag the parties and the Court down that path at all. In any event, the Court now has multiple avenues to fully resolve this case.[1]

## II. BACKGROUND

### A. Procedural Background

On January 29, 2025, this Court dismissed MLC's complaint with prejudice and entered final judgment. Dkt. Nos. 61–62. MLC subsequently moved for reconsideration and vacatur of that judgment. Dkt. No. 71. In ruling on that motion, this Court affirmed its earlier holding that Spotify Premium is a Bundle as a matter of law and denied MLC's request to amend its complaint to allege otherwise. Dkt. No. 74 at 4–6. But the Court nonetheless vacated the judgment under Federal Rule of Civil Procedure 60(b)(6) to allow MLC to seek leave to amend with respect to two narrow, alternative claims. *Id.* at 6. In reaching its vacatur decision, this Court relied on the Second Circuit's then-governing standard:

> "[S]pecial considerations come into play," however, "[w]hen vacatur is sought in order to obtain leave to file a[] [first] amended complaint." To balance the "liberal spirit" of Federal Rule of Civil Procedure 15, which provides for leave to amend "when justice so requires," with the strict finality of Rule 60, which provides narrow avenues for relief from a final judgment, the Second Circuit has generally "ensure[d]" that plaintiffs seeking post-judgment leave to amend are given "at least one opportunity to replead," so long as there is no "undue delay, bad faith[,] or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party," and any amendment would not be futile.

*Id.* at 2 (quoting *Mandala*, 88 F.4th at 361–62) (internal citations omitted).[2]

---

[1] Nonetheless, by filing this motion, Spotify expressly preserves the issue for appeal on the off chance that the Court both denies this motion and grants MLC's pending motion for leave to amend.

[2] Following the vacatur order, MLC filed a motion for leave to file an amended complaint, which remains pending. Dkt. No. 76. That motion fails as a matter of law for all the reasons articulated in Spotify's opposition brief. *See* Dkt. No. 79.

2

### B. The Supreme Court's Intervening *BLOM Bank SAL* Decision

Just last week, on June 5, 2025, the Supreme Court decided *BLOM Bank SAL v. Honickman*, No. 23-1259, 605 U.S. __, 2025 WL 1583305 (U.S. June 5, 2025). There, the Court held that Rule 60(b)(6)'s "rigorous standard applies when a Rule 60(b)(6) movant seeks to reopen a case for the purpose of filing an amended complaint." *Id.* at *2. In particular, the Court held that Rule 60(b)(6)'s "extraordinary circumstances" standard "does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint. Rather, a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *Id.* at *4. Thus, a court may not "consider Rule 60(b) finality and Rule 15(a) liberality in tandem." *Id.* at *6. Instead, the Court explained, "[i]t is Rule 60(b)'s standard—and *only* Rule 60(b)'s standard—that applies when a party seeks relief from final judgment." *Id.*

## III. ARGUMENT

An "intervening change of controlling law" is one of the "major grounds justifying reconsideration." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir.), *cert. denied*, 145 S. Ct. 279 (2024).[3] Courts in this circuit thus routinely grant reconsideration where

---

[3] Although a motion for reconsideration ordinarily must be filed within 14 days of the "order being challenged," Civil Local Rule 6.3, the Second Circuit "has not specifically considered whether motions for reconsideration brought pursuant to an intervening change in law are subject to Rule 6.3's fourteen-day deadline." *Commerzbank AG*, 100 F.4th at 377. Even assuming *arguendo* that the deadline technically applies here, "[j]ustice *requires* the exercise of [the Court's] discretion" to hear an untimely reconsideration motion "when, for example, there is," as here, "an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision." *Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009) (emphasis added) (granting reconsideration of summary-judgment order based on intervening Supreme Court precedent decided more than a year after the order); *see also, e.g.*, *Palin v. New York Times Co.*, 510 F. Supp. 3d 21, 24–26 (S.D.N.Y. 2020) (modifying prior order based on intervening change of law occurring months after issuance of order). More generally, an untimely reconsideration motion may be excused for good cause. *See, e.g.*, *United States v. Okparaeke*, No. 17-cr-0225, 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019). Good cause

3

intervening precedent conflicts with a prior order. *See, e.g.*, *Valdez*, 2021 WL 5920829, at *1; *Palin*, 510 F. Supp. 3d at 24–26; *Capitol Recs., Inc. v. MP3tunes, LLC*, No. 07-cv-9931, 2013 WL 1987225, at *11 (S.D.N.Y. May 14, 2013); *Clinton*, 652 F. Supp. 2d at 537.

The intervening change of controlling law is undeniable here. In its vacatur order, the Court expressed skepticism regarding MLC's theories and entitlement to relief, going so far as to say that MLC had "forfeited" one of its claims and that, even if it "were not abandoned, the Court would have dismissed it on the merits" in any event. Dkt. No. 74 at 3. Despite its misgivings, the Court nonetheless granted vacatur, based on the then-governing standard in the Second Circuit requiring courts "[t]o balance the 'liberal spirit' of Federal Rule of Civil Procedure 15 . . . with the strict finality of Rule 60, which provides narrow avenues for relief from a final judgment." *Id.* at 2 (quoting *Mandala*, 88 F.4th at 361) (cleaned up). Last week, the Supreme Court expressly struck down that "Second Circuit[] balancing approach." *BLOM Bank SAL*, 2025 WL 1583305, at *4. In so doing, the Supreme Court made clear that relief under Rule 60(b)(6) is only proper under "extraordinary circumstances"—even when the party seeking vacatur intends to file an amended complaint. *Id.* MLC has come nowhere close to making that showing, because it cannot. Under intervening precedent, then, this Court's decision to vacate the judgment is improper. This Court

---

plainly exists here because the intervening precedent was not decided until after the 14-day deadline set by Civil Local Rule 6.3, rendering a timely motion impossible. *See, e.g.*, *United States v. Valdez*, No. 20-cr-0115, 2021 WL 5920829, at *1 (S.D.N.Y. Dec. 15, 2021) (finding good cause and granting reconsideration where intervening case was decided after the 14-day deadline set by the Local Criminal Rules). In any event, Rule 54(b) authorizes courts to "revise[]" "any order or other decision" "*at any time* before the entry of a [final] judgment." Fed. R. Civ. P. 54(b) (emphasis added). Moreover, penalizing Spotify for failing to meet a deadline that it could not possibly have met would be inconsistent with this Court's stated "strong preference for resolving disputes on the merits rather than on the technical ground of [a] procedural [rule]." Dkt. No. 74 at 3 (cleaned up).

should thus set aside the portion of its prior order vacating judgment (Dkt. No. 74) and reinstate its order dismissing the complaint with prejudice and its prior judgment (Dkt. Nos. 61–62).[4]

## IV. CONCLUSION

For all the reasons articulated above, this Court should grant Spotify's motion for reconsideration.

Dated: June 13, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

*/s/ Allison L. Stillman*
Allison L. Stillman
Grace McLaughlin
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
alli.stillman@lw.com
grace.mclaughlin@lw.com

Sy Damle
Michael E. Bern (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (212) 637-2200
sy.damle@lw.com
michael.bern@lw.com

*Attorneys for Spotify USA Inc.*

---

[4] Alternatively, if the Court denies MLC's pending motion for leave to amend (Dkt. No. 76), that would render this motion moot.

## CERTIFICATION OF COMPLIANCE

  I certify pursuant to Local Civil Rule 7.1(c) and Rule III.D. of Judge Analisa Torres's Individual Practices that the foregoing Memorandum in Support of Defendant Spotify USA Inc.'s Motion for Reconsideration was prepared on a computer using Microsoft Word.  The total number of words in this brief, excluding the caption, signature block, and this certification is 1,600.  In preparing this certification, I relied on the word count program in Microsoft Word.

Dated: June 13, 2025               /s/ *Allison L Stillman*
                       Allison L. Stillman