**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------ X
                                                         :
                                                         :    CIVIL ACTION NO.:
The Mechanical Licensing Collective        :    24-cv-03809
                                                         :
                           Plaintiff,              :
    against                                     :
                                                         :
Spotify USA Inc.                               :
                                                         :
                         Defendant.           :
                                                          :
                                                         :
------------------------------------------ X

## PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Order and Discussion Topics for Rule 26(f) Conference on Judge Parker's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on <u>October 27, 2025</u>** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

**2.      Summary of Claims, Defenses, and Relevant Issues**

<u>Plaintiff:</u>
    This case involves Spotify's failure to report and pay mechanical royalties to songwriters and music publishers in compliance with Section 115 of the Copyright Act.  In particular, Spotify is improperly reducing the royalties due to songwriters and music publishers with respect to its Premium subscription offering by overstating the value of time-limited audiobooks listening available to Premium subscribers, and Spotify is failing to make any royalty payments at all on the subscription revenue generated from its Audiobooks Access subscription offering.

<u>Defendant:</u>
    Plaintiff was granted leave to pursue the Amended Complaint on two discrete questions:  (i) whether the $9.99 standalone price for the audiobooks component of Spotify's Premium Bundle is appropriate under 37 C.F.R. § 385 and (ii) whether Spotify's Audiobooks Access Tier product is a Bundle under that same regulation.  As to the first claim, $9.99 is the appropriate price to use under each and every of prong of the Bundle calculation methodology set forth under governing law:  the standalone retail price, the closest comparable products in the market, and GAAP.  Spotify is also properly accounting for its Audiobooks Access subscription offering, which does not yield any music subscription revenue.

**3.      Basis of Subject Matter Jurisdiction:**
Federal question as an action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

### 4. Subjects on Which Discovery May Be Needed

<u>Plaintiff(s):</u>

The MLC anticipates seeking discovery on the following topics: Spotify's calculation of royalty payments for Premium and Audiobooks Access; the motivations behind Spotify's launch of Audiobooks Access, including the development, launch and pricing of Audiobooks Access; the pricing of Basic and limitations on the availability of Basic to users; the comparability of other audiobooks products to Premium's audiobooks content; the value of Premium's audiobooks content and functionality.  The MLC reserves all rights to object to any document requests served by Spotify.

<u>Defendant(s):</u>

Spotify anticipates seeking discovery on the following topics: MLC's auditing practices for the royalty calculations of blanket licensees under 17 U.S.C. § 115; MLC's investigation of bundle component valuations of other blanket licensees; and the price, feature, and catalogue comparability of the audiobooks component of Spotify Premium when considered against audiobooks offerings in the market.   Spotify objects to the list of subjects identified by MLC as overinclusive of subjects not relevant to any claims or issues in the case (e.g., Spotify's Basic product), and reserves its rights with respect to any requests concerning those subjects.

### 5. Informal Disclosures

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be ***disclosed by Plaintiff(s)*** on <u>November 17, 2025</u>.  In addition, on <u>December 19, 2025</u>, Plaintiff(s) produced/will produce an initial set of relevant documents, if any, identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be ***disclosed by Defendant(s)*** on <u>November 17, 2025</u>.  In addition, on <u>December 19, 2025</u>, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

### 6. Formal Discovery

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by <u>March 13, 2026</u>.

*The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.*

  a. <u>Depositions</u>: Depositions shall be completed by <u>March 13, 2026</u> and limited to no more than <u>10</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  b. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>December 12, 2025</u>. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

  c. <u>Requests for Admission</u>: Requests for admission must be served on or before <u>February 13, 2026</u>.

  d. <u>Requests for Production</u>: Initial requests for production will be exchanged on or before <u>November 14, 2025</u> and responses shall be due within 30 days after service of the requests. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

  e. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Spotify anticipates the following discovery dispute based on what Plaintiff has stated: Plaintiff's suggestion that it intends to seek discovery into Spotify's "Basic" plan, which is not relevant to any claim asserted in the Amended Complaint.

**8.  Amendments to Pleadings**

   a.  Are there any amendments to pleadings anticipated? <u>No.</u>

   b.  Last date to amend the Complaint:  <u>Plaintiff's position:   Plaintiff shall have until March 13, 2026 to seek to amend the Complaint pursuant to Federal Rule of Civil Procedure 15.  Defendant's position: N/A. An amendment deadline of August 22, 2024 was already set in this matter. ECF No. 20 at 1. MLC was granted leave to amend its complaint once already. No new deadline for amendment of the complaint should be set.  Should MLC move for leave to amend its Complaint for a second time, MLC can only do so if it meets the heightened standards of Federal Rule of Civil Procedure 16(b)(4).</u>

**9.  Joinder of Parties**

   a.  Are there other necessary parties that need to be joined? Y/**N**

   b.  Is joinder of other parties anticipated? <u>No.</u>

   c.  Last date to join other parties: <u>Plaintiff's position:   Plaintiff shall have until March 13, 2026 to join other parties pursuant to Federal Rules of Civil Procedure 19 and 20.  Defendant's position: N/A. A joinder deadline of August 22, 2024 was already set in this matter. ECF No. 20 at 1. MLC had the ability to join additional parties when it sought, and was granted, leave to amend its Complaint. No new deadline for joinder should be set.  Should MLC move for joinder it can only do so if it meets the heightened standards of Federal Rule of Civil Procedure 16(b)(4).</u>

**10.  Expert Witness Disclosures**

At this time, the parties **do**/do not (circle one) anticipate utilizing experts.  Expert discovery shall be completed by <u>April 24, 2026</u>.

**11.  Electronic Discovery and Preservation of Documents and Information**

   a.  Have the parties discussed electronic discovery? <u>Yes.</u>

   b.  Is there an electronic discovery protocol in place?  If not, when the parties except to have one in place? <u>Yes.</u>

    c.    Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

12. **Anticipated Motions**

Spotify anticipates seeking summary judgment on both of Plaintiff's claims.

13. **Early Settlement or Resolution**

The parties (have)/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than April 13, 2026.

The following information is needed before settlement can be discussed:

14. **Trial**

    a.    The parties anticipate that this case will be ready for trial by August 1, 2026, assuming neither party files a summary judgment motion. If a summary judgment motion is filed, the parties anticipate that this case will be ready for trial within 60 days of the Court's decision on that motion.

    b.    The parties anticipate that the trial of this case will require 4 days.

    c.    The parties request a (jury)/bench (circle one) trial.

    d.    The parties consent/do not consent (circle one) to Magistrate Judge jurisdiction at this time.

15. **Other Matters**

_____
_____
_____

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this 27th day of October, 2025.

ATTORNEYS FOR PLAINTIFF(S):                    ATTORNEYS FOR DEFENDANT(S):

/s/ Jay Cohen                                   /s/ Sy Damle