PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING         SAN FRANCISCO
BRUSSELS        TOKYO
HONG KONG       TORONTO
LONDON          WASHINGTON, DC
LOS ANGELES     WILMINGTON

DIRECT DIAL: (212) 373-3163
EMAIL: JAYCOHEN@PAULWEISS.COM

November 17, 2025

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, New York, NY 10007

*Mechanical Licensing Collective* v. *Spotify USA Inc.*, No. 1:24-cv-03809

Dear Judge Torres:

Pursuant to Section III(A) of Your Honor's Individual Practices in Civil Cases, the Mechanical Licensing Collective (the "MLC") respectfully submits this pre-motion letter to set forth the basis for its anticipated motion seeking certification of this Court's January 29, 2025 Order (the "Order") for interlocutory appeal, or, in the alternative, entry of a partial final judgment with respect to the Order.

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where it determines "[1] such order involved a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Here, for the reasons set forth below, the novel aspects of the controlling question decided in the Order, the substantial differences of opinion regarding that controlling question, and the significant impact of the Order on the conduct of the overall litigation all support interlocutory review at this stage.  Principles of judicial economy also support interlocutory review, as the MLC intends to appeal the claim dismissed in the Order regardless of the outcome of the trial on the claims presented in the First Amended Complaint, and immediate review of the dismissed claim would avoid the potential inefficiency of two separate and duplicative proceedings.  Dkt. 88.

*First*, whether Spotify may re-characterize Premium as a Bundle as a matter of law presents a controlling question of law because its resolution will "significantly affect the conduct of the action." *Tantaros* v. *Fox News Network, LLC.*, 465 F. Supp. 3d 385, 389 (S.D.N.Y. 2020).  Absent interlocutory appeal, and regardless of the outcome of the MLC's remaining claims, if the Second Circuit ultimately disagrees with the Order, the MLC's original claims would be reinstated, requiring re-litigation of the case with additional discovery, additional motion practice, and a second trial.  Granting interlocutory review would allow for the full and final resolution of all of the MLC's claims together, without duplicative proceedings.  A controlling question of law must also be capable of decision by the Second Circuit "with minimal, if any, reference to the record." *Consub Del. LLC* v. *Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 313 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008).  Here, the Order was a determination under Rule 12(b)(6),

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

meaning the Second Circuit would only need to review the original complaint and the Order. *See id.*

*Second*, the Order presents a novel question of regulatory interpretation as to which there are substantial grounds for a difference of opinion. Courts in this district regularly find a substantial ground for difference of opinion where, as here, the parties contest a novel application of regulatory or statutory provisions that have not previously been evaluated by the Second Circuit. *See, e.g., In re Enron Creditors Recovery Corp.*, No. 01-16034, 2009 WL 3349471, at *6–7 (S.D.N.Y. Oct. 16, 2009) (finding "substantial ground for difference of opinion" on question of statutory interpretation where no Second Circuit decision addressed contested provision); *Riverkeeper, Inc.* v. *U.S. E.P.A.*, 514 F. Supp. 2d 565, 571 (S.D.N.Y. 2007) ("[I]n the absence of controlling case law and in view of a proffer of a plausible statutory interpretation, there is a 'substantial ground' for disagreement with my ruling."). As both parties (and Judge Parker) have acknowledged, the application of the Bundle definition is entirely novel, having not been addressed by any other court inside or outside the Second Circuit. *See* Dkt. 25, at 14; Dkt. 28, at 26; 11/20/24 CMC Tr. 21:6–12; 36:19–22; 50:3–6. Moreover, three lawmakers who co-sponsored the Music Modernization Act, which gave rise to the regulatory definition at issue in the Order, have informed the Register of Copyrights that Spotify's re-characterization of Premium as a Bundle constitutes a "manipulat[ion of] statutory rates to slash royalties" that is inconsistent with the "faithful[] implement[ation]" of the Copyright Act.[1]

*Third*, an interlocutory appeal would best serve "the institutional efficiency of both the district court and the appellate court," which is "among the chief concerns underlying" Section 1292(b). *Sec. & Exch. Comm'n* v. *Rio Tinto PLC*, No. 17CIV7994ATDCF, 2021 WL 1893165, at *2 (S.D.N.Y. May 11, 2021) (Torres, J.). An immediate appeal presents the most efficient and cost-effective path to a final resolution of the critically important question of first impression addressed in the Order. Otherwise, the parties would be forced to wait until after the conclusion of a trial on its amended claims to appeal the Order, which would leave a cloud of uncertainty hanging over them while also creating the risk that a second trial could be necessary if the Second Circuit reverses the Order.[2]

*Finally*, the Order permitting Spotify to re-characterize Premium as a Bundle under the implementing regulations of Section 115 of the Copyright Act has substantial ramifications for

---

[1] Letter from Congressmen Ted W. Lieu and Adam B. Schiff and Senator Marsha Blackburn to Shira Perlmutter, U.S. Register of Copyrights (June 12, 2024), https://lieu.house.gov/media-center/press-releases/rep-lieu-leads-bipartisan-and-bicameral-letter-us-copyright-office.

[2] To the extent Spotify argues that the MLC should have earlier sought certification of the Order for interlocutory appeal, it is wrong. Before leave to amend was granted, the Court could have denied leave to amend and re-entered a final judgment at any moment, permitting the MLC to file an immediate appeal as of right. It is because of circumstances such as these that "§ 1292(b) sets no deadline for certification," and instead allows courts to certify an order for interlocutory review within a reasonable time. *Rothstein* v. *GMAC Mortg., LLC*, No. 12 CIV. 3412 AJN, 2014 WL 1329132, at *3 (S.D.N.Y. Apr. 3, 2014) (rejecting argument that motion for certification was untimely).

songwriters and music publishers whose royalties will continue to be adversely affected through at least 2027, the last year that those regulations will be in effect. Given the MLC's statutory obligation to enforce the rights of songwriters and music publishers under the Section 115 blanket license, which led the MLC to bring this litigation in the first instance, the MLC intends to appeal the Order regardless of the outcome of the claims presented in its First Amended Complaint. *See* 17 U.S.C. § 115(d)(3)(B)–(C); 37 C.F.R. § 210.23(a). For those reasons, and in the interests of judicial economy, the MLC will request in its anticipated motion that the Court's Order be certified for interlocutory review under 28 U.S.C. § 1292(b).

In the alternative, the MLC's anticipated motion will request that the Court enter a partial final judgment as to the claims dismissed in the Order, which would likewise allow the MLC to seek an immediate appeal of that judgment. Entry of a partial final judgment under Federal Rule of Civil Procedure 54(b) is appropriate where "(1) multiple claims or multiple parties [are] present, (2) at least one claim, or the rights and liabilities of at least one party, [is] finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court . . . make[s] 'an express determination that there is no just reason for delay.'" *Ginett* v. *Comput. Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) (citation omitted). Here, there can be no dispute that the MLC has presented multiple claims and that the Order dismissed its claim that Premium is not a Bundle. *See* Dkt. 1, at 21–22; Dkt. 61, at 14; Dkt. 87; Dkt. 88. And there is no just reason for delay because, as explained above, "entry of partial judgment 'will make possible a more expeditious and just result for all parties.'" *Raffles Tree Apparel Pte. Ltd.* v. *A Base IX Co. LLC*, No. 18-CV-05791(JSR), 2019 WL 2117643, at *1 (S.D.N.Y. Apr. 29, 2019) (citation omitted). As under Section 1292(b), avoiding "potentially duplicative work for either the district court or the appellate court" is a powerful consideration in favor of entering a partial final judgment. *Lankler Siffert & Wohl, LLP* v. *Rossi*, No. 02 CIV.10055(RWS), 2004 WL 541842, at *5 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir. 2005).

Thus, under both 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 54(b), the Order is uniquely suited for immediate appellate review.

Respectfully submitted,

*/s/ Jay Cohen*
Jay Cohen

cc: All counsel of record (via ECF)