UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MECHANICAL LICENSING COLLECTIVE,

                         Plaintiff,

         v.                                   No. 1:24-cv-03809 (AT)(KHP)

SPOTIFY USA INC.,

                         Defendant.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO STRIKE SPOTIFY'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS**

# <u>TABLE OF CONTENTS</u>

**Page**

Table of Authorities ................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ......................................................................................................... 2

ARGUMENT .............................................................................................................. 5

I.    SPOTIFY'S UNCLEAN HANDS DEFENSE IS IMPROPERLY PLED AND FAILS
      AS A MATTER OF LAW .................................................................................. 5

      A.    Spotify's Boilerplate Unclean Hands Defense Is Not Properly Pled ..................... 5

      B.    Even If Spotify Were to Try to Amend Its Answer, Its Unclean Hands
            Defense Still Would Fail as a Matter of Law ......................................................... 6

      C.    Further Litigation Related to Spotify's Meritless Unclean Hands Defense
            Will Prejudice the MLC and Third-Parties ............................................................ 8

CONCLUSION ........................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ambac Assurance Corp.* v. *U.S Bank Nat'l Ass'n*,
   No. 1:17-CV-2614 (WHP)(KHP), 2018 WL 11693752 (S.D.N.Y. Dec. 14,
   2018) (Parker, J.)..........................................................................................................7

*Bell Atlantic Corp.* v. *Twombly*,
   550 U.S. 544 (2007).......................................................................................................5

*Cartier Int'l AG* v. *Motion in Time, Inc.*,
   No. 12 CIV. 8216(JMF), 2013 WL 1386975 (S.D.N.Y. Apr. 5, 2013)...........................6

*Cengage Learning, Inc.* v. *Google LLC*,
   No. 1:24-CV-04274 (JLR) (BCM), 2025 WL 3022375 (S.D.N.Y. Oct. 29,
   2025) .............................................................................................................................6

*Coach, Inc.* v. *Kmart Corps.*,
   756 F. Supp. 2d 421 (S.D.N.Y. 2010)...........................................................................8

*Coleman* v. *ESPN, Inc.*,
   764 F. Supp. 290 (S.D.N.Y. 1991) ...............................................................................6

*Estee Lauder, Inc.* v. *Fragrance Counter, Inc.*,
   189 F.R.D. 269 (S.D.N.Y. 1999) ...................................................................................8

*GEOMC Co.* v. *Calmare Therapeutics Inc.*,
   918 F.3d 92 (2d Cir. 2019)............................................................................................5

*NCR Corp.* v. *B.A.T. Indus. P.L.C.*,
   No. 23 CIV. 1172 (JPC), 2024 WL 4188358 (S.D.N.Y. Sept. 14, 2024)......................6

*O'Neil* v. *Ratajkowski*,
   563 F. Supp. 3d 112 (S.D.N.Y. 2021)...........................................................................6

*Sands* v. *CBS Interactive Inc.*,
   No. 18-CV-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. Mar. 13, 2019).........................6

*Sec. & Exch. Comm'n* v. *Leibowitz*,
   No. 1:25-CV-02155 (JLR), 2025 WL 2056026 (S.D.N.Y. July 23, 2025)......................5

*SoundExchange* v. *Muzak*,
   No. 1:15-CV-476-RCL, 2020 WL 13611363 (D.D.C. July 17, 2020) ...........................7

## TABLE OF AUTHORITIES
### (Continued)

Page(s)

**Statutes**

17 U.S.C. § 115....................................................................................................1, 3, 7, 8

**Other Authorities**

Fed. R. Civ. P. 12(f) ...............................................................................................5, 8, 9

Plaintiff Mechanical Licensing Collective (the "MLC") respectfully submits this Memorandum of Law in Support of its Motion to Strike Spotify's Affirmative Defense of Unclean Hands.

## PRELIMINARY STATEMENT

This motion arises from Spotify's effort to justify broad-ranging discovery from the MLC (as well as third-parties) based on a boilerplate and legally meritless defense of "unclean hands." But the law is clear: affirmative defenses must be supported by facts, not wholly conclusory allegations. Spotify has pled no such facts. Nor could Spotify do so in an amended pleading. The defense of unclean hands in copyright actions is recognized only rarely, and requires the plaintiff to have perpetrated a fraud on the Copyright Office or to have engaged in some other immoral or unconscionable behavior. Spotify cannot plausibly allege that the MLC has engaged in any such conduct.

Indeed, the attempts by Spotify's counsel to justify its defense at the January 22, 2026 Case Management Conference ("January 22 Conference") only further demonstrate why it fails as a matter of law. As explained by Spotify's counsel, Spotify's unclean hands defense is predicated on its belief that the MLC is treating its licensees differently by deciding to pursue this enforcement action against Spotify but not simultaneously pursuing similar enforcement actions against other licensees. But Section 115 of the Copyright Act expressly provides the MLC with the discretion to decide if and when to bring enforcement actions. Specifically, Section 115 gives the MLC broad "authoriz[ation]" to "[e]ngage in legal and other efforts to enforce rights and obligations." 17 U.S.C. § 115(d)(3)(C)(i)(VIII). Nothing in the statute requires the MLC to bring enforcement actions against every similarly situated party once it decides to bring an action against one of them. Given the discretion afforded to the MLC in deciding whether, and if so when, to

engage in such enforcement efforts, Spotify cannot plausibly allege that the MLC is somehow acting with unclean hands in pursuing this enforcement action against Spotify.

For these reasons, the MLC respectfully requests that the Court strike Spotify's affirmative defense of unclean hands.

## BACKGROUND

At the January 22 Conference, counsel for Spotify informed the Court that Spotify is seeking discovery that "go[es] to one of our affirmative defenses, which is unclean hands." Declaration of Jay Cohen ("Cohen Decl."), Ex. A at 17:11-12.  In response, this Court expressed skepticism about Spotify's unclean hands defense and how it could possibly apply.  For example, the Court said:

> I don't understand why unclean hands is relevant.  What I've heard is that you think MLC had a claim that they didn't bring against another entity….  [W]hy does that equate to unclean hands?…. [T]he government all the time decides who it's going to sue…. [T]hey think maybe multiple companies are violating the rules, but they've only got so much bandwidth, so they only sue certain entities where they think they're going to have the most impact, potentially.

*Id.* at 22:18-21, 23:2-3, 24:1-7.  The Court then set a briefing schedule for the MLC to move to dismiss Spotify's unclean hands defense.  *Id.* at 26:7-13; *see also* Dkt. 115.

In an effort to avoid briefing and argument on Spotify's unclean hands defense, the MLC sent Spotify a letter explaining why the MLC believes the unclean hands defense is improperly pled and fails as a matter of law.  Cohen Decl. ¶ 5.  At the same time, the parties continued to meet and confer to try to resolve their outstanding discovery disputes, including disputes related to Spotify's unclean hands defense.  *Id.*  The parties continued to negotiate into the afternoon of February 11, 2026, shortly before they were due to "file an agenda letter in advance of the next case management conference and indicate whether they wish to have argument

on the relevance of the information sought by Defendant on the unclean hands affirmative defense." *Id.*; Dkt. 115. As part of an agreement to resolve the outstanding discovery disputes, Spotify insisted that the MLC inform the Court that argument on the relevance of information sought concerning the unclean hands defense was unnecessary at that time, without waiver of the MLC's right to later seek such argument in the event that Spotify seeks additional discovery relating to that defense. Cohen Decl. ¶ 6. The parties then submitted a joint letter to the Court noting that as "part of [the parties'] compromise, the parties agree that argument on the relevance of the information sought by Defendant on its unclean hands affirmative defense is not necessary at this time." *Id.*; *see also* Dkt. 120.

Shortly after that letter was filed, at exactly 11:59 PM on February 11, and without any advance warning to the MLC, Spotify propounded substantial additional discovery demands on the MLC, including 12 additional document requests, 3 additional interrogatories, 50 requests for admission, and a 30(b)(6) notice with 25 separate deposition topics. Cohen Decl. ¶ 7. Many of these new discovery demands relate solely to Spotify's unclean hands defense. *Id.*

For example, in its most recent document requests, Spotify is seeking "[a]ll Documents and Communications concerning [the MLC's] interpretation, treatment, analysis, application, or enforcement of [Section 115] as applied to [other services] that combine music and/or audiobooks with other products or services…." Cohen Decl., Ex. B at RFP 30. And in its recent 30(b)(6) deposition notice, Spotify is seeking testimony concerning numerous topics that relate solely to the unclean hands defense, including reporting records from other licensees (Topics 4 and 7), the MLC's process for evaluating royalty payments made by other licensees (Topics 5 and 21), the MLC's treatment of Bundles reported by other licensees (Topic 6), all licensees the MLC has "challenged or considered challenging" regarding their reporting and payment of

3

royalties, "the basis for the challenge [the MLC] made or considered making, the status of the matter (including whether and how it was resolved), and, if applicable, why [the MLC] did not challenge each such [other licensee]" (Topic 22). *Id.*, Ex. C. Spotify also served a separate notice for the deposition of the MLC's Director of DSP Audit, whose only conceivable relevance would be to testify about the MLC's enforcement efforts with respect to other licensees. *Id.*, Ex. D.

These recent discovery demands are in addition to those Spotify served previously in the case, many of which also relate to Spotify's unclean hands defense. For example, in its first set of document requests, Spotify originally sought "[a]ll Documents and Communications related to [the MLC's] process" for confirming that royalties were properly paid by all other licensees, *id.*, Ex. E at RFP 4, "[a]ll Documents and Communications related to [the MLC's] process for determining when a subscription service should be reported as a Bundle, including any instances in which [the MLC] challenged a Licensee's reporting of a subscription service," *id.* at RFP 14, and "[a]ll Documents and Communications concerning any Licensee that offers music streaming free of charge...," *id.* at RFP 15. Similarly, in its original set of interrogatories, Spotify asked the MLC to "[d]escribe in detail MLC's process" for confirming that royalties were properly paid by all other licensees, *id.*, Ex. F at Rogs 5 & 13, and to "[d]escribe in detail every instance where you 'identifie[d] compliance concerns' related to the reporting of Bundles" by other licensees, and how the MLC responded to that compliance concern, *id.* at Rog 6.

Spotify also has served document subpoenas on 13 different third-parties, including 12 audiobooks services from which Spotify is seeking, among other things, "[a]ll Documents concerning the Mechanical Licensing Collective, including all usage and royalty reporting You have submitted to the Mechanical Licensing Collective, from January 1, 2023 through the present." *See, e.g., id.*, Ex. G.

Through these extraordinarily broad and burdensome discovery demands, each of which relates solely to Spotify's unclean hands defense, Spotify has attempted to shift the discovery burden on to the MLC and numerous third-parties, even though this action relates solely to Spotify's own conduct.

## ARGUMENT

## I.

## SPOTIFY'S UNCLEAN HANDS DEFENSE IS IMPROPERLY PLED AND FAILS AS A MATTER OF LAW

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To succeed on a motion to strike, a plaintiff must show that: "(1) 'there is no question of fact which might allow the defense to succeed' when applying the 'plausibility' standard set by *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007); (2) 'there is no question of law which might allow the defense to succeed'; and (3) the plaintiff 'would be prejudiced by the inclusion of the defense.'" *Sec. & Exch. Comm'n* v. *Leibowitz*, No. 1:25-CV-02155 (JLR), 2025 WL 2056026, at *3 (S.D.N.Y. July 23, 2025) (quoting *GEOMC Co.* v. *Calmare Therapeutics Inc.*, 918 F.3d 92, 96–99 (2d Cir. 2019)).

### A.    Spotify's Boilerplate Unclean Hands Defense Is Not Properly Pled

It is well-settled that a defendant must "support [its] defenses with some factual allegations to make them plausible" under *Twombly*, such that the allegations are "more than labels and conclusions," and not simply "a formulaic recitation of the elements." *GEOMC*, 918 F.3d at 99; *Twombly*, 550 U.S. at 555. Spotify's pleading falls far short of this standard. In its Answer, Spotify simply asserts: "MLC's claims are barred, in whole or in part, by the doctrine of unclean hands." Dkt. 93, at 34. The Answer is devoid of any other allegation relating to its purported

5

defense.  While courts in this District have sometimes applied a relaxed plausibility standard, permitting defendants to "plead affirmative defenses in a conclusory manner" in the event that "they rely on the sort of facts that would typically be revealed during discovery," *Cengage Learning, Inc.* v. *Google LLC*, No. 1:24-CV-04274 (JLR) (BCM), 2025 WL 3022375, at *2 (S.D.N.Y. Oct. 29, 2025) (internal quotation marks and citation omitted), that relaxed standard does not permit defendants to assert boilerplate affirmative defenses that are "entirely devoid" of *any* supporting factual allegations, *NCR Corp.* v. *B.A.T. Indus. P.L.C.,* No. 23 CIV. 1172 (JPC), 2024 WL 4188358, at *18 (S.D.N.Y. Sept. 14, 2024).  Yet that is exactly what Spotify has done.

Spotify has not provided any supporting factual allegations—even in conclusory terms—to support its unclean hands defense.  Because Spotify's Answer "offers no indication of how the doctrine[] of unclean hands . . . would bar" the MLC's claims, the defense must be stricken.  *See Cartier Int'l AG* v. *Motion in Time, Inc.,* No. 12 CIV. 8216(JMF), 2013 WL 1386975, at *3 (S.D.N.Y. Apr. 5, 2013).

> **B.** **Even If Spotify Were to Try to Amend Its Answer, Its <u>Unclean Hands Defense Still Would Fail as a Matter of Law</u>**

Even if Spotify were to seek leave to amend its Answer, its unclean hands defense would still fail as a matter of law.  The "defense of unclean hands in copyright actions is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action."  *Sands* v. *CBS Interactive Inc.*, No. 18-CV-7345 (JSR), 2019 WL 1447014, at *4 (S.D.N.Y. Mar. 13, 2019) (citation omitted).  To satisfy that strict standard, courts in this District require defendants to show that plaintiff committed a serious transgression (such as fraud) upon the Copyright Office that resulted in harm or prejudice to the defendant, *see Coleman* v. *ESPN, Inc.*, 764 F. Supp. 290, 296 (S.D.N.Y. 1991), or that plaintiff committed "truly unconscionable and brazen behavior," *O'Neil* v. *Ratajkowski*, 563 F. Supp. 3d

112, 136 (S.D.N.Y. 2021) (citation omitted).  Absent plausible allegations of such "immoral, unconscionable conduct," any affirmative defense based on unclean hands fails as a matter of law. *Ambac Assurance Corp.* v. *U.S Bank Nat'l Ass'n*, No. 1:17-CV-2614 (WHP)(KHP), 2018 WL 11693752, at *3 (S.D.N.Y. Dec. 14, 2018) (Parker, J.) (rejecting unclean hands defense).  There is simply no good faith basis for Spotify to allege, even in conclusory terms, that the MLC has perpetuated a fraud on the Copyright Office or engaged in any "unconscionable" or "immoral" conduct sufficient to satisfy the requisite pleading standard.

At the January 22 Conference, counsel for Spotify tried to suggest that its position on unclean hands was supported by a case involving "a parallel licensing agency also appointed by the government called SoundExchange."  Cohen Decl., Ex. A at 17:18-21.  That case, however, only further demonstrates why Spotify's unclean hands defense fails as a matter of law.  Although the *SoundExchange* court initially permitted discovery as to defendant's unclean hands defense, it ultimately rejected the defense as a matter of law without relying on any materials gathered during discovery.  *See SoundExchange* v. *Muzak*, No. 1:15-CV-476-RCL, 2020 WL 13611363, at *3–5 (D.D.C. July 17, 2020).  Notably, the theory of unclean hands that the court rejected in that case— that plaintiff had a duty to treat licensees the same and failed to do so—is virtually identical to the theory of unclean hands Spotify is asserting in this case.  *See id.* at *4.  The *SoundExchange* court rejected that theory because it found that nothing in the Copyright Act imposed a duty on SoundExchange to treat licensees the same.  *See id*.

Spotify's defense fails for the same reason.  As discussed above, Section 115 authorizes the MLC to engage in legal action to enforce the royalty obligations of licensees, but gives the MLC broad discretion as to if and when to do so.  Specifically, Section 115 provides that "[t]he mechanical licensing collective is *authorized* to . . . [e]ngage in legal and other efforts to

enforce rights and obligations." 17 U.S.C. § 115(d)(3)(C)(i)(VIII) (emphasis added). Nothing in Section 115 requires the MLC to bring enforcement actions against every similarly situated party once it decides to bring an action against one of them. The broad discretion afforded to the MLC makes complete sense. As this Court noted at the January 22 Conference, "the government all the time decides who it's going to sue . . . . [T]hey think maybe multiple companies are violating the rules, but they've only got so much bandwidth, so they only sue certain entities where they think they're going to have the most impact, potentially." Cohen Decl., Ex. A at 23:24–24:7. That is precisely what the MLC did here, and its decision to sue Spotify before potentially pursuing litigation against other licensees makes perfect sense given that Spotify was the first licensee to engage in the form of Bundle reporting misconduct at issue. The MLC's decision is entirely consistent with its enforcement discretion under Section 115. Accordingly, Spotify's unclean hands defense fails as a matter of law.

### C.    Further Litigation Related to Spotify's Meritless Unclean Hands Defense Will Prejudice the MLC and Third-Parties

Striking Spotify's unclean hands defense is further warranted because Spotify is using it to impose substantial discovery burdens on the MLC and numerous third-parties, and those burdens are likely to carry over into summary judgment and trial unless and until Spotify's defense is dismissed. Courts in this District have consistently held that "[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion." *Estee Lauder, Inc.* v. *Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999). This is especially true where, as here, the defense is legally insufficient. The "inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation." *Coach, Inc.* v. *Kmart Corps.*, 756 F. Supp. 2d 421, 426, 430 (S.D.N.Y. 2010) (striking unclean hands affirmative defense where plaintiffs "would be prejudiced by the

increased time and expense, including unnecessary discovery costs that would result from litigating a legally insufficient unclean hands defense").

As discussed above, Spotify has imposed numerous overbroad and unduly burdensome discovery demands on the MLC related to its unclean hands defense, including many additional document requests, interrogatories, requests for admissions and 30(b)(6) topics only a few hours after the parties resolved most of their outstanding discovery disputes, which took months to resolve. In addition, Spotify is seeking broad and burdensome discovery of third-parties related to its unclean hands defense. These wide-ranging discovery demands impose massive document review and production costs on the MLC and third-parties, further demonstrating why Spotify's unclean hands defense should be stricken.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the MLC respectfully requests that the Court strike Spotify's affirmative defense of unclean hands pursuant to Federal Rule of Civil Procedure 12(f).

Dated: February 20, 2026
      New York, New York

                                         PAUL, WEISS, RIFKIND,
                                         WHARTON & GARRISON LLP

                                         */s/ Jay Cohen*
                                         Jay Cohen
                                         Darren W. Johnson
                                         1285 Avenue of the Americas
                                         New York, NY 10019-6064
                                         Telephone: (212) 373-3000
                                         jaycohen@paulweiss.com
                                         djohnson@paulweiss.com

                                         *Attorneys for Plaintiff*
                                         *Mechanical Licensing Collective*

## <u>CERTIFICATION OF COMPLIANCE</u>

I hereby state that the foregoing Memorandum of Law was prepared on a computer using Microsoft Word. The total number of words in this brief, excluding the caption, table of contents, table of authorities, signature block, and this certification is 2711. In preparing this certificate, I relied on the word count program in Microsoft Word.

Dated: February 20, 2026
      New York, New York

                            PAUL, WEISS, RIFKIND,
                            WHARTON & GARRISON LLP

                            */s/ Jay Cohen*
                            Jay Cohen
                            Darren W. Johnson
                            1285 Avenue of the Americas
                            New York, NY 10019-6064
                            Telephone: (212) 373-3000
                            jaycohen@paulweiss.com
                            djohnson@paulweiss.com

                            *Attorneys for Plaintiff*
                            *Mechanical Licensing Collective*