**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
    :

MECHANICAL                    :      Case No. 1:24-cv-03809-AT-KHP
LICENSING                     :
COLLECTIVE,     Plaintiff(s),   :

    :      **AMENDED STIPULATION AND**
                         **PROTECTIVE ORDER**

    against                :
    :

SPOTIFY                      :
USA INC.     Defendant(s).   :
    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

WHEREAS, the Parties agreed to and the Court entered a stipulation and protective order on November 19, 2024 (ECF No. 44);

WHEREAS, the Parties having agreed to the following amended terms of confidentiality, which shall supersede ECF No. 44, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Counsel for any party or non-party ("Designating Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by the Designating Party as confidential will be stamped "CONFIDENTIAL."

2.    "Confidential Information" shall mean information and documents designated as "Confidential" or "For Attorneys' or Experts' Eyes Only." The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.    In the event a party challenges the Designating Party's designation of

1

confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Designating Party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.　The Designating Party may also designate material as "For Attorneys' or Experts' Eyes Only" if it is information that qualifies as "Confidential" and is also extremely sensitive, the disclosure of which would create risk of competitive injury. Such documents shall not be disclosed to any person, except:[1]

　　a.　Outside counsel in this Action, as well as employees of such outside counsel assigned to and necessary to assist in the litigation;

　　b.　Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

　　c.　The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.　To the extent that a non-party seeks to designate material as "For Attorneys' or Experts' Eyes Only," and the non-party believes that disclosure of that material would create a risk of competitive injury with respect to only one of the parties, the non-party may specify the party to whom the disclosure creates such a risk of competitive injury by designating the document "For Attorneys' or Experts' Eyes Only" as to that party. The non-party may further designate the document as "CONFIDENTIAL" as to the other party. For example, if a non-party is disclosing information that it believes would create a risk of competitive injury with respect to Spotify (but not with respect to the MLC), the non-party may designate that material as "For Attorneys' or Experts' Eyes Only (as to Spotify)" and "CONFIDENTIAL (as to MLC)."

6.　All other documents designated as

　"CONFIDENTIAL" shall not be disclosed to any person, except:

　　a.　Employees of the requesting party (excluding members of the party's board of directors), and counsel, including in-house counsel;

　　b.　Employees of such counsel assigned to and necessary to assist in the litigation;

---

[1] For the avoidance of doubt, information and documents designated "For Attorneys' or Experts' Eyes Only" cannot be shared with employees of the receiving party, including in-house counsel.

    c.   Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.   The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

7.    Within thirty (30) days of receipt of the final certified transcript of any deposition, any party or non-party may request that the original and all copies of the deposition transcript, in whole or in part, be marked "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only." Until thirty (30) days after the final certified transcript of any deposition, the transcript of that deposition will be subject to the protections granted to "For Attorneys' or Experts' Eyes Only" material. In the event a deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this Action and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this Action or pursuant to written stipulation of the Parties."

    a.   Where, in good faith, it is anticipated by counsel for the party or non-party who is testifying that the response to a question or series of questions could qualify as "For Attorneys' or Experts' Eyes Only" protection, then, on the record, counsel for the testifying party or non-party shall ask all party representatives or non-parties to leave the deposition room during such testimony. Upon the completion of the questioning that is believed to qualify for "For Attorneys' or Experts' Eyes Only" protection, all party representatives or non-parties shall be allowed to reenter the deposition room.

8.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.   Inform the person of the confidential nature of the information or documents;

    b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.   Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

9.    The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or

3

information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of privileged material under this Order. Nothing contained herein is intended to or shall serve to limit a non-party or party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. If a party or non-party (the "Disclosing Party") has disclosed or made available to another party (the "Receiving Party") information it claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Privileged Material"), the Disclosing Party may notify the Receiving Party of its claim and the basis for it ("Privileged Material Notice"). Upon such notification, the Receiving Party must (i) take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Privileged Material, any reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material, (ii) not use or disclose the information until the privilege claim is resolved, and (iii) take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice. For purposes of this Order, Privileged Material that is not reasonably accessible because of undue burden or cost is sequestered. Upon the request of the Disclosing Party, the Receiving Party shall provide a certification to the Disclosing Party that it has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the Privileged Material.

4

13. If the Receiving Party contests the claim of information as being Privileged Material, the Receiving Party must, within seven (7) days of receipt of the Privileged Material Notice, notify the Disclosing Party in writing of the Receiving Party's objection. Following the receipt of such an objection, the Receiving party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the Receiving Party may present the issue to the Court in accordance with the Court's rules. While any such application is pending, the Privileged Material subject to that application will be treated as privileged until the Court rules.

14. If the Receiving Party, after making an objection to the Disclosing Party, does not apply to the court for a ruling on the designation of the Privileged Material at issue as privileged or protected within thirty (30) days from the receipt of the Privileged Material Notice (regardless of whether parties met and conferred on the subject), or such later date as the Disclosing Party and the Receiving Party may agree, the Materials in question shall be deemed privileged or protected.

15. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures with respect to filing under seal.

16. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. If a Receiving Party is served with a subpoena or an order issued in other litigation or Court proceedings that require disclosure of any information or items designated in this Action as "Confidential" or "For Attorneys' or Experts' Eyes Only," the Receiving Party shall notify the Designating Party, in writing promptly and in no event more than four (4) court days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order.

18. To the extent the following restrictions and procedures differ from those of the stipulation and protective order dated November 19, 2024 (ECF No. 44), the terms of this Order shall govern.

SO STIPULATED AND AGREED.

/s/ Allison L. Stillman

Dated: 3/16/2026

/s/ Jay Cohen (with consent)

Dated: 3/16/2026

SO ORDERED.

KATHARINE H. PARKER, U.S.M.J.

Dated: March 17, 2026

New York, New York

6

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)